**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Wells Fargo Bank, National Association, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>James L. Horob, Todd K. Horob, )<br>and Larry G. Horob, )<br>)<br>Defendants. ) | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE AS TO TODD K. HOROB**<br><br>Case No. 4:08-cv-025 |

Before the Court is the Plaintiff's "Motion and Brief for Dismissal Without Prejudice as to Defendant Todd K. Horob" filed on September 22, 2008. See Docket No. 27. Defendant Todd K. Horob filed a response in opposition to the motion on September 25, 2008. See Docket No. 28. The plaintiff, Wells Fargo Bank, filed a reply brief on October 6, 2008. See Docket No. 29. Todd Horob filed a supplement to his response on October 10, 2008. See Docket No. 31. The Court grants the motion to dismiss without prejudice for the reasons set forth below.

**I.   BACKGROUND**

On February 20, 2008, Wells Fargo filed a complaint alleging civil conspiracy against the defendants. See Docket No. 1. Todd Horob, acting pro se, filed an answer to the complaint on May 5, 2008. See Docket No. 16. On July 22, 2008, Wells Fargo filed a stipulation of dismissal with prejudice as to defendants James L. Horob and Larry G. Horob. See Docket No. 23. Wells Fargo now moves the Court, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismiss this action without prejudice as to Todd Horob. There is currently an action pending in the North

Dakota District Court of Williams County that is based on the same set of facts as the action before this Court.

Wells Fargo contends that it brought this action "for the purpose of recovering damages resulting from the concerted actions of James Horob, Larry Horob, Todd Horob and Horob Livestock which involved a scheme to fraudulently transfer and receive assets, real and personal, for the sole purpose of defrauding Wells Fargo by placing such assets out of its reach as a creditor." See Docket No. 29. The Horob Livestock debt was secured by personal guarantees of Todd Horob and Larry Horob. "Wells Fargo believed that it was necessary to be able to pursue its claims against Larry, James and Todd in Federal Court in the event it was not allowed to amend its state claims." See Docket No. 29. The state court granted Wells Fargo's motion to amend its complaint to assert a claim against Todd Horob on his guaranty.

Wells Fargo contends that it seeks a dismissal of the action against Todd Horob to ensure that it can pursue the state action to a full resolution on its merits. Wells Fargo indicates that it "will be able to adequately obtain relief against Todd [Horob] in the state action without both parties having to litigate similar issues in both state and Federal Court." See Docket No. 29. Wells Fargo contends that because of the resolution of the claims against James Horob and Larry Horob, and the existence of Todd Horob's personal guaranty on the Horob Livestock debt, the federal action "may not be necessary as a money judgment on Todd's guaranty appears, at this time, to be sufficient for Wells Fargo to adequately protect its interests." See Docket No. 29.

Wells Fargo indicates that if the action is not dismissed without prejudice, it will need to consider whether to amend this action to include a claim on Todd Horob's guaranty. If the action is dismissed without prejudice, Wells Fargo indicates that it will pursue its claim against Todd

Horob on his personal guaranty in the state court action. Wells Fargo notes that it could pursue Todd Horob on his personal guaranty in either state court or federal court but believes that the claim on Todd Horob's guaranty is more closely related to the state court action.

**II.     LEGAL DISCUSSION**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). "Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984). A court is to consider the following factors when deciding on a Rule 41(a)(2) motion: (1) the defendant's effort and expense incurred preparing for trial; (2) excessive delay and lack of diligence by the plaintiff in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) whether a motion for summary judgment has been filed by the defendant. Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998).

A consideration of the four factors set forth in Witzman indicates that granting the motion to dismiss without prejudice is the appropriate course of action. First, Todd Horob does not contend that, acting pro se, he has exerted an exceptional amount of effort and expense in preparing for a trial in this case. In fact, besides the recent filings regarding the motion to dismiss, Todd Horob's only

filing in this matter was an answer to the complaint. Second, Todd Horob has not presented evidence, nor is the Court aware of any evidence, indicating that Wells Fargo has caused excessive delay or shown a lack of diligence in prosecuting the action. Third, Wells Fargo has thoroughly explained its reasons for pursuing a dismissal without prejudice in federal court. It is clear that Wells Fargo plans to resolve any remaining disputes that it has with Todd Horob in state court. Finally, Todd Horob has not filed a motion for summary judgment in this case.

### III.  CONCLUSION

The Court finds that Todd Horob will not be unfairly affected by the voluntary dismissal of this action. The only possible prejudice Todd Horob will suffer is the possibility of a subsequent lawsuit in this Court, which is not a sufficient reason to deny a dismissal without prejudice. The possibility of a subsequent lawsuit in this Court seems remote at best given that Wells Fargo's preferred claim is against Todd Horob on his personal guaranty, a claim that has only been made in state court. Accordingly, the Court **GRANTS** the Plaintiff's motion to dismiss without prejudice (Docket No. 27).

**IT IS SO ORDERED.**

Dated this 20th day of October, 2008.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court